

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00544-CV

Liborio **SOLIS**,
Appellant

v.

Maria **SOLIS**,
Appellee

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-06368
Honorable Larry Noll, Judge Presiding

PER CURIAM

Sitting:       Rebeca C. Martinez, Justice
              Patricia O. Alvarez, Justice
              Luz Elena D. Chapa, Justice

Delivered and Filed:  November 19, 2014

DISMISSED AS MOOT

Appellant filed a notice of appeal seeking to appeal a "Default Order Granting Motion to Rule for Costs" signed on July 14, 2014. Because it appeared that the order was a non-appealable interlocutory order, we ordered appellant to show cause in writing why this appeal should not be dismissed for lack of jurisdiction. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Minnfee v. Lexington*, No. 04-09-00770-CV, 2010 WL 381367, at *1 (Tex. App.—San Antonio Feb. 3, 2010, pet. dism'd) (mem. op.) (dismissing appeal of order on motion to rule for costs).

Appellant filed a response in which he requested that we abate the appeal pending the trial court's compliance with Rule 143 and the issuance of a delinquent dismissal order and that we allow his notice of appeal to become effective on the date of the dismissal order. *See* TEX. R. CIV. P. 143. Thereafter, we received from the trial court clerk a copy of the trial court's "Order Setting Aside Default Order Granting Motion to Rule for Costs" signed on August 12, 2014. The order sets aside the July 14, 2014 order granting motion to rule for costs and denies the motion to rule for costs. In light of this order, we again ordered appellant to show cause in writing why this appeal should not be dismissed as moot. *See Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2000) (justiciable controversy between the parties must exist at every stage of the legal proceedings, including the appeal, or the case is moot); *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999) (appellate courts are prohibited from deciding moot controversies).

Appellant filed a response in which he concedes that, in light of the trial court's August 12, 2014 order, the appeal is moot. Accordingly, the appeal is dismissed as moot. We order the trial court clerk to send a copy of its August 12, 2014 order to appellant.

PER CURIAM